UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

N.N., by his parent, A.N.; T.G., by her parent,
P.G.; A.H., by her parent, S.H.; T.W., by her
parent H.M.; Y.R. by her parent, E.R.;
on behalf of themselves and all persons similarly
situated,

                          Plaintiffs,

                          Civil Action No. 19-cv-6526-DGL

        - vs -

ROCHESTER CITY SCHOOL DISTRICT
AND THE BOARD OF EDUCATION OF THE
ROCHESTER CITY SCHOOL DISTRICT,

                          Defendants.

### ORDER GRANTING MOTION FOR CERTIFICATION OF CLASSES, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF NOTICE TO THE CLASSES

This matter is before the Court on Plaintiffs' Motion for Class Certification, Preliminary Approval of Class Action Settlement and Approval of Notice to the Classes of Settlement [Dkt. 29] (the 'Motion"). The Motion is **GRANTED**, subject to the following provisions:

**WHEREAS**, a proposed Stipulation of Settlement (the "Settlement") has been reached between Plaintiffs' counsel on behalf of defined proposed Settlement Classes of certain students with disabilities who were in the last two years, are now, or will be, subject to the jurisdiction of the Rochester City School District on Special Education and their parents, and Defendants, Rochester City School District and the Board of Education of the Rochester City School District.

**WHEREAS**, the Court, for the purposes of this Order, adopts all defined terms as set forth in the Settlement, which, with the Exhibits thereto, sets forth the terms and conditions for a proposed global settlement of the claims asserted in the above-captioned action (the "Action");

**WHEREAS**, this matter has come before the Court pursuant to Plaintiffs' Motion, dated November 19, 2020 (Dkt. 29);

**WHEREAS**, Defendants do not oppose the Motion, and have consented to this [Proposed] Order;

**WHEREAS**, the Court finds that it has jurisdiction over the Action and each of the Parties for purposes of settlement and asserts jurisdiction over the Class Representatives for purposes of considering and effectuating this Settlement;

**WHEREAS**, the Court is familiar with and has reviewed the record, the Stipulation of Settlement, Plaintiffs' Motion, the supporting Declarations, with exhibits, and Plaintiffs' Memorandum of Law in Support of the Motion, and determined that good cause exists for granting the Motion and entering the following Order;

**WHEREAS**, this Court has considered all of the presentations and submissions related to the Motion and, being familiar with the facts, contentions, claims and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**I.    CERTIFICATION OF THE CLASSES**

1.  The Court finds that the requirements of Federal Rules of Civil Procedure 23(a) are satisfied for the proposed Classes. In support of this conclusion, the Court finds as follows:

    a.  The number of members of the Classes are too numerous for their joinder to be practicable.

    b.  There are questions of law and fact common to the Classes and Subclasses, including whether a violation of the IDEA has occurred.

- 3 -

    c. The claims of the named Plaintiffs are typical of the claims of the members of Classes and Subclasses in that each of the claims arises from the same course of events and the class members raise similar legal challenges to the Defendants' conduct based on alleged violations of IDEA.

    d. The named Plaintiffs will fairly and adequately represent the Classes and Subclasses and the interests of the named Plaintiffs are aligned with those of the other members of the Classes.

    e. Class Counsel—the Empire Justice Center and Nixon Peabody LLP—have significant expertise in prosecuting class actions, have committed the necessary resources to represent the Classes, and are hereby appointed as Class Counsel.

2. The Court further finds that the requirements of Fed. R. Civ. P. 23 (b)(2) are satisfied for the proposed Classes in that Plaintiffs allege that Defendants have acted or refused to act on grounds that apply generally to the Classes, and that the failures alleged stem from central and systemic failures so that final declaratory and injunctive relief is appropriate respecting the Classes as a whole.

## II.   PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT:

1. The Court finds that the proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive extensive settlement negotiations among counsel; confers substantial befits upon the members of the Classes; avoids the costs, uncertainty, delays and other risks associated with continued litigation; and does not improperly grant preferential treatment to the Class Representatives or segments of the Classes.

2. The Court hereby preliminarily approves the Settlement, as memorialized in the Stipulation of Settlement, as fair, reasonable and adequate and in the best interests of the

Plaintiffs and other members of the Classes, subject to further consideration at the Final Fairness Hearing to be conducted as described below, such that Notice of the Settlement should be directed to the Class Members, and a Final Approval Hearing should be set.

## III.     NOTICE TO CLASS MEMBERS

1.      Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion and the Settlement is appropriate and satisfies all requirements provided in Rule 23(c)(2)(A) and due process.  The Court approves such notice, and hereby directs that such notice be disseminated to Class Members under Rule 23(e)(1) in the manner set forth in the Stipulation of Settlement and Motion.

## IV.     FINAL APPROVAL HEARING

1.  The Final Approval Hearing shall take place on **February 4, 2021 at 2:00 p.m.** at the United States District Court for the Western District of New York, before the Honorable David G. Larimer, to determine whether the proposed Class Settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court.  The hearing will take place virtually by Zoom technology.

2.  In light of the COVID-19 pandemic and the General Orders previously issued by the United States District Court for the Western District of New York, limiting in-person appearances in the Courthouse and providing for the conduct of civil proceedings on a video conferencing, or if one is not available, a toll-free conference line, instructions will be posted on the Court's website in advance of the Final Approval Hearing for members of the Classes, as well as the public, to listen to the proceedings through videoconferencing or telephonic means. Members of the Classes, public and media accessing these videoconference and telephone conference facilities will be able to listen to the proceedings but may not participate in them.

    3. Any member of the Classes may participate in the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate or why judgment should or should not be entered.  No person shall be able to participate and be heard at the Final Approval Hearing or entitled to contest the Settlement or if approved, the judgment to be entered upon the Settlement, unless the person has filed a written notice with the Clerk of the United States District Court for the Western District of New York, electronically through the ECF system or sent such notice by first-class mail, marked "N.N. Settlement" so as to be received no later than 7 days before the Final Approval Hearing, setting forth any objection to the Settlement and advising of their intention to participate in the Final Approval Hearing.  Attendance at the Final Approval Hearing (through videoconference or the toll-free conference line) is not required, but persons wishing to participate and be heard must submit their intention to participate in the hearing in writing and must call the Clerk's Office to obtain further information about how they can be heard.

## V.    OTHER PROVISIONS

    1. The deadlines and dates set forth in this Order, including, but not limited to, for the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the members of the Classes, except that notice of any such extensions or adjournments shall be included on the website of the Rochester City School District and the Empire Justice Center.  Members of the Classes should check the websites of the Rochester City School District and the Empire Justice Center regularly for updates and further details regarding extensions of these deadlines or adjournments of dates.

    2. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not

materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the Settlement through supplemental Stipulations, to the form or content of the Class Notice, or to any other exhibits that the Parties jointly agree are reasonable or necessary.

3. The Court shall maintain continuing jurisdiction over these proceedings for the period(s) of time provided in the Stipulation of Settlement, at paragraphs 109-110, for the benefit of the Class as defined in this Order and the Settlement to effectuate the Settlement.

**IT IS SO ORDERED** this 8th day of December, 2020.

                                    Honorable David G. Larimer
                                    UNITED STATES DISTRICT JUDGE

4817-7205-4227.4