UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| N.N., by his parent, A.N.; T.G., by her parent, P.G.; A.H., by her parent, S.H.; T.W., by her parent H.M.; Y.R. by her parent, E.R.; on behalf of themselves and all persons similarly situated,<br><br>            Plaintiffs,<br><br>- vs -<br><br>ROCHESTER CITY SCHOOL DISTRICT AND THE BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT,<br><br>            Defendants. | **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND CONSENT DECREE**<br>Civil Action No. 19-cv-6526-DGL |

On November 19, 2020, the Plaintiffs filed their Motion for Class Certification, Approval of the Form of Notice and Approval of a Settlement set forth in a Stipulation of Settlement executed by counsel for the parties in this class action (the "Motion") [Docket #29].

On December 8, 2020, the Court entered its Order [Docket #34] (1) granting the Plaintiffs' Motion, and certifying the classes and subclasses consisting of:

> *MAIN CLASS 1*:  All students with disabilities who were in the last two years, are now, or will be subject to the jurisdiction of the Rochester City School District Committee on Special Education who were not, are not being, or will not be properly evaluated for special education and related services as required by law.
>
> *SUBCLASS 1.1*: All such students who were, are now, or will be, potentially eligible for special education and related services, but were not, are not, or will not be, located, evaluated, and/or identified due to a systemic failure of RCSD to follow Child Find laws.
>
> *SUBCLASS* 1.2: All such students who did not, do not, or will not, receive initial eligibility determinations for special education and related services within 60 days of the Committee on Special Education receiving parental consent for evaluations because of

systemic failures to determine their eligibility within the required timeframe.

*SUBCLASS* 1.3: All such students who did not, or will not, have a Manifestation Determination Review following proposed suspensions, as required by law.

*MAIN CLASS 2*: All students with disabilities who were in the last two years, are now, or will be subject to the jurisdiction of the Rochester City School District Committee on Special Education who did not, do not, or will not receive legally required special education and related services.

*SUBCLASS 2.1*: All such students who were, are now, or will be, potentially eligible for special education and related services, but have not, do not, or will not, receive the special education programs and services listed on their Individualized Education Programs because of a systemic failure of RCSD to adequately plan for the known placement and programming

*SUBCLASS 2.2*: All such, students who were, are now, or will be, denied their educational programs and services in the least restrictive environment because of a systemic failure of RCSD to adequately plan for the needs of students classified with disabilities.

*SUBCLASS 2.3*: All such students who were, are now, or will be, potentially eligible for individualized, outcome-oriented transition goals and services on their Individualized Education Programs, but have not, do not, or will not, receive individualized, outcome-oriented transition goals and services because of a systemic failure of RCSD to adequately plan for transition services and programming needs of these students.

*MAIN CLASS 3*: The parents of students with disabilities who were in the last two years, are now, or will be subject to the jurisdiction of the Rochester City School District Committee on Special Education who have been or may be denied meaningful opportunities to participate in the education of their children as required by law.

*SUBCLASS 3.1*: All such parents whose right to meaningful participation in the education process has been denied because of RCSD's systemic failure to translate critical documents into the parent's native language.

>    *SUBCLASS 3.2*: All such parents whose right to parent training and counseling has been denied because of RCSD's systemic failure to provide this related service;

(2) designated attorneys from Empire Justice Center and Nixon Peabody LLP to represent the classes; (3) granted preliminary approval to the settlement, as memorialized in the Stipulation of Settlement; (4) directed that notice be disseminated to the Class Members in the manner set forth in the Stipulation of Settlement and Plaintiffs' Motion, and (5) set a hearing on the request for final approval of the settlement ("Preliminary Order").

Based upon the Declaration of Maggie M. Robb, Esq., dated February 2, 2021 [Docket # 36], and the Declaration of Alison K.L. Moyer, Esq., dated February 2, 2021 [Docket #37], it appears that notice to the members of the Plaintiff classes and subclasses has been provided in accordance with the Preliminary Order of this Court.

On February 4, 2020, the Court conducted a fairness hearing and heard Carolyn Nussbaum, Esq., Nixon Peabody LLP, and Maggie Robb, Esq. and Jonathan Feldman, Empire Justice Center, for the plaintiffs, and Alison Moyer, Esq. for the defendants in support of the Motion to approve the settlement.

The Court has reviewed the terms of the proposed settlement and the has applied the factors set forth by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (1974) that are relevant to cases that seek only injunctive and declaratory relief. *See D.S. v. New York City Dep't of Educ.*, 255 F.R.D. 59, 70-74 (E.D.N.Y. 2008).

I find that:

(1)  this case is complex, proceeding to trial would have been expensive, and would have prolonged the litigation and delayed the injunctive relief to the classes and subclasses;

(2) the absence of comments or objections from the members of the classes, given the large size of the classes, demonstrate a positive reaction of the classes to the settlement;

(3) the case was settled after an appropriate amount of investigation and extensive informal disclosure was completed so that counsel were sufficiently informed to reach a fair settlement;

(4) the risks of establishing liability were low and the terms of the settlement reflect that.

I find that the settlement is fair, reasonable and adequate to the members of the plaintiff classes and subclasses and that it was arrived at by a process of informed arms-length bargaining by experienced counsel, without collusion.

I find that the method, form and content of the notice to the class met the requirements for *Rule 23* and constitutional due process. Therefore, it is hereby:

**ORDERED** that the settlement of this action is hereby **APPROVED** on the terms set forth in the Stipulation of Settlement, which is attached to and incorporated herein as an Order of this Court.

Further, the Court **ORDERS** Defendants to comply with the provisions of the Stipulation of Settlement in dealing with the members of the certified plaintiff classes and subclasses described above, and this Order to comply with the terms set forth in the Stipulation of Settlement shall be the Consent Decree of this Court; and it is further

**ORDERED** that, pursuant to paragraph 109 of the Stipulation of Settlement, this Court shall retain jurisdiction for purposes of enforcement matters, if any, from the date that this Order is signed and for a period of fifteen (15) months from such time as the parties agree that the Defendants have met all of the Final Goals specified in paragraph 101 of the Stipulation of

- 5 -

Settlement, and maintained compliance with all of such Final Goals for a period of twelve (12) months, or the Court so determines that the Final Goals have been met and compliance has been maintained for a period of twelve (12) months, if the parties cannot reach agreement, subject to such other terms and conditions as set forth in paragraph 108 of the Stipulation of Settlement in the event that the Defendants fail to achieve and maintain compliance with the Final Goals as set forth in paragraph 108 of the Stipulation of Settlement, unless that time period is extended by further Order of this Court pursuant to paragraph 109 of the Stipulation of Settlement.

DATED:  February 4, 2021
                Rochester, New York

_____
DAVID G. LARIMER, USDJ

.